[Civ. No. 5022.   Fourth Dist.   Jan. 25, 1955.]

PAUL D. LIEB, Appellant, v. FLOYD C. DAY et al.,
Respondents.

Monroe & Chula for Appellant.

Mize, Kroese, Larsh & Mize and Marjorie Mize for Respondents.

BARNARD, P. J.—This is an appeal from a judgment declaring that a purported bill of sale issued by the tax collector of Orange County is void, and quieting title to certain property in the defendants.

On July 13, 1946, the Days executed a lease to Robert Tanguay giving him the right to explore for and develop oil and gas on certain real property.   Taxes on the leasehold

interest of Tanguay were assessed to him in March, 1949, and were placed on the secured roll. On November 10, 1949, shortly after these taxes became due, Tanguay quitclaimed his interest in the property back to the lessors. These taxes became delinquent on December 10, 1949. On April 8, 1952, the tax collector posted notice of sale, describing this leasehold interest, for nonpayment of the taxes assessed for 1949-1950. On April 16, 1952, the tax collector sold this leasehold interest to M. M. Prescott, and issued a bill of sale to him which was recorded the next day. On November 10, 1953, Prescott conveyed whatever interest he had in the property to the plaintiff Lieb by grant deed, which was recorded on November 12, 1953.

On November 27, 1953, Lieb brought this action seeking to quiet his title to this leasehold interest as against the defendants. The defendants answered and filed a cross-complaint seeking to quiet their title to the real property described in the original lease. The court found that title to the real property in question is vested in the defendants Day as the owners in fee; that the plaintiff claimed ownership of a leasehold estate in this property under assignment from Prescott; that the purported bill of sale issued by the tax collector to Prescott and recorded on April 17, 1952, is void; and that the plaintiff has no right, title or interest whatsoever in, to or under this real property nor any leasehold interest in said property or any part thereof. Judgment was entered decreeing that the purported bill of sale issued by the tax collector to Prescott is void, and quieting title to this real property in the cross-complainants. This appeal followed.

All statutory references herein are to the Revenue and Taxation Code. Section 107, after defining "possessory interests" (which would otherwise include an oil and gas lease), provides as an exception that leasehold estates for the production of gas and oil are sufficient security for the payment of taxes levied thereon, and that such leasehold estates shall not be classified as possessory interests but shall be placed on the secured roll. It then provides:

"In the event of delinquency in the payment of any installment of taxes on such leasehold estates or rights, they shall be subject to seizure and sale in the same manner as provided for the seizure and sale of possessory interests in Sections 2914 to 2919, inclusive, at any time within one year after the delinquency. Suit may be brought against an assessee

of such taxes in the event of delinquency in the payment thereof.''

This section thus definitely provides special and different methods for the collection of the taxes levied on such leasehold estates, in the event of a delinquency in the payment of such taxes. These methods are in the alternative: such leasehold interest may be sold at any time within one year of the delinquency, or suit may be brought against the one to whom such taxes were assessed.

The appellant argues that the fact that the Legislature did not include section 2921 (which places certain limitations on the right of seizure and sale for taxes on the unsecured roll) among the sections relating to the sale as mentioned in section 107, indicates that it was intended not to provide any such limitation. The sections thus referred to in section 107 (2914 to 2919) relate only to the manner of seizure and sale. The reference to those sections is immediately followed by an express provision limiting the right to make any such seizure and sale to a time within one year after the delinquency.

The appellant further argues that the provision in section 107 for a one-year period within which a seizure and sale shall be made, is obviously one for the benefit of the state and not for the benefit of the person assessed; and that the curative provisions of section 24 are applicable and prevent the raising of any such irregularity as the failure to sell within that time limit as a challenge to the bill of sale here issued. Section 24 provides ''No act in all the proceedings for raising revenue by taxation is illegal on account of informality or because not completed within the required time.''

■ Section 24 is a rule of construction, and as indicated in such cases as *Ryan* v. *Byram*, 4 Cal.2d 596 [51 P.2d 872] and *Miller* v. *McKenna*, 23 Cal.2d 774 [147 P.2d 531], it does not apply when a substantial right of a taxpayer is injuriously affected. ■ This provision of section 107, limiting the time in which a seizure and sale may be made, is not one enacted merely to assist in the orderly conduct of business in connection with the levying and collection of taxes, but is one which clearly appears to be intended for the benefit of the taxpayer. This is especially applicable to the situation here, since long before this sale was made the leasehold interest had been quitclaimed back to the title holders. ■ Under the rules announced in *Ryan* v. *Byram*, 4 Cal.2d 596 [51 P.2d 872], this provision of section 107 is mandatory and not

merely directory, and the provisions of section 24 are not applicable.

It further appears that section 3552.22, relied on by the appellant, is in no way applicable here. That section refers to compliance with the article of which it is a part, which deals only with the procedure for tax sales of land and to the deed resulting from that procedure.

It follows that the tax collector of Orange County had no authority under the statutes to sell this leasehold estate. The matter was jurisdictional, due process is involved, and the owner of the property could not thus be arbitrarily deprived of such a substantial right by a procedure not authorized by the statutes. We find no curative act which would restore validity to this purported bill of sale, which was void from the beginning.

The judgment is affirmed.

Griffin, J., and Mussell, J., concurred.

A petition for a rehearing was denied February 23, 1955.